IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION[1]

ALBERT EDMOND                                                          PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:13cv928-CWR-FKB

CHRISTOPHER EPPS, E. L. SPARKMAN,
SANDRA ATWOOD, AND DALE CASKEY                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court are motions for summary judgment seeking dismissal of this case filed

pursuant to 42 U.S.C. § 1983.  Defendants Christopher Epps and E. L. Sparkman have moved for

summary judgment [44] on the basis of Eleventh Amendment sovereign immunity and qualified

immunity.  Plaintiff did not respond to the motion [44].  Defendants Dale Caskey and Sandra

Atwood have separately moved for summary judgment [49][2] on several bases, and Plaintiff has

---

[1]An Order of Transfer was entered in this case on December 26, 2013, pursuant to H.R. 2871, Realignment Of The Southern Judicial District of Mississippi, Pub. L. No. 113-61, 127 Stat. 665 (2013), signed into law on December 20, 2013.  The Realignment Act consolidated the former five divisions of the Southern District of Mississippi into four divisions.  As a result, the Court transferred this action to the newly formed Northern Division of the Southern District of Mississippi.

[2]Defendants Atwood and Caskey filed a Motion for Summary Judgment [47], supporting exhibits, and supporting Memorandum [48].  Within minutes, Defendants filed an Amended Motion for Summary Judgment [49], supporting exhibits, and supporting Memorandum [50] with corrected certificates of service. The Motions and exhibits [47, 49] are identical, as are the supporting memoranda [48, 50]. Based on the corrected certificate of service, it appears that the Motion [49] and its exhibits, and the Memorandum [50] were served by mail on Plaintiff at Wilkinson County Correctional Facility.  Edmond's response [51] indicates that he received a copy of these filings.  Accordingly, the Court will refer to Defendants' Motion with exhibits [49], and the supporting Memorandum [50] in this opinion.  The Motion with exhibits [47] and supporting Memorandum [48] are moot.

filed a response [51] to the motion.[3]

At the omnibus hearing, the parties consented to have a United States magistrate judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.   Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis* ("IFP"). 28 U.S.C. § 1915.  For the reasons explained below, the Court grants the defendants' motions [44, 49] for summary judgment and dismisses this § 1983 action in its entirety, with prejudice.

I.  Plaintiff's Claims

Plaintiff is currently a convicted prisoner and resides in the custody of the Mississippi Department of Corrections ("MDOC").  At the time of the events forming the basis of this lawsuit, from January to June 2010, Plaintiff was housed at East Mississippi Correctional Facility ("EMCF"), located in Meridian, Mississippi.  Defendants are the Commissioner of the MDOC, Christopher Epps; Deputy Commissioner, E. L. Sparkman; EMCF senior warden Dale Caskey (now retired), and EMCF Nurse Sandra Atwood.

At the time Plaintiff filed this action, he was housed at the Central Mississippi Correctional Facility ("CMCF") located in Pearl, Mississippi.  The Court granted Edmond IFP status despite his three (3) strikes under the Prison Litigation Reform Act, noting that he claimed he was in "imminent danger of serious physical injury" because he claimed he was "being

---

[3]Although Edmond complains that Defendants Caskey and Atwood have waived their right to file a dispositive motion because they filed it five days beyond the deadline, Edmond does not argue that he was prejudiced by the late filing.  The Court declines to find that Caskey and Atwood waived their opportunity to file a motion for summary judgment and finds no prejudice to Plaintiff as a result of the filing made five days past the deadline.  Accordingly, the Court will consider Caskey and Atwood's motion for summary judgment.

subjected to overcrowding, being exposed to tuberculosis, and subsequently has contracted tuberculosis." Order [6] at 1.[4]

In Edmond's complaint, he claims that Defendants violated his constitutional rights related to his conditions of confinement at EMCF from January to June 2010. Edmond asserts that Defendant Sparkman violated his constitutional rights by ordering "double-celling," or two beds per cell, which caused overcrowding and allowed him to be exposed to a fellow inmate, Tyrone Davis, who was infected by tuberculosis. [1] at 28.  As to Defendant Epps, Edmond asserts that Epps violated his constitutional rights when Epps's subordinates failed to provide him with a safe environment and allowed overcrowding and double-celling, and when Epps failed to respond to his ARP.  Id. at 29-30.  Edmond alleges that Defendant Atwood showed deliberate indifference to his health and safety by failing to provide a fellow inmate, Tyrone Davis, with adequate medical care to detect that inmate's tuberculosis, thus causing Edmond to be exposed to the disease. Id. at 27.  Edmond also alleges that Defendant Atwood violated his constitutional rights when she denied his ARP request to reprimand officials for the way they handled the situation.  Id.  Plaintiff alleges that Defendant Caskey showed deliberate indifference to his health and safety when he failed to correct Atwood's unconstitutional actions and failed to

--------

[4]Although Defendants Atwood and Caskey urge the Court to revoke Edmond's IFP status for his abuse of the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g), the Court declines the invitation.  However, the Court notes that at the time Edmond filed this action, he had not been housed with Tyrone Davis for several months, and he had been quarantined and tested for tuberculosis.  At the time he filed a response [5] to a Court Order and at the time the Court issued its Order granting IFP, he had been transferred from EMCF to CMCF, and, based upon Edmond's omnibus hearing testimony, he was undergoing treatment for tuberculosis. [47-1] at 7-8.  Thus, is it highly doubtful that Edmond was in "imminent danger of serious physical injury" when he filed this action and responded to Court orders.

correct overcrowded conditions.  Id. at 28.⁵  Finally, although Edmond comments in his filings about the length of the treatment the State provided to him for his tuberculosis, it does not appear that he alleges a denial of adequate medical care claim based upon this medical treatment.

In this action, Edmond seeks a declaration by the Court that Defendants violated his constitutional rights; an injunction ordering Epps and Sparkman to house him in a single-cell as a protective custody inmate; an injunction declaring that Epps violated his due process rights by failing to respond in a timely manner to his ARP request; compensatory damages against each defendant, jointly and severally; punitive damages against each Defendant; and any additional relief the Court deems "just, proper, and equitable." Id. at 30.

At the omnibus hearing, Edmond was given an opportunity to elaborate upon his claims, but he chose not to do so. [44-1] at 6.  In response to a question from the Court asking Edmond to explain whatever he felt necessary for the Court to understand his claims, Edmond stated that he thought his complaint "made it very clear on what [he] was stating."  Id.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a

---

⁵Although Edmond alleges unconstitutional conditions of confinement in addition to exposure to tuberculosis, he fails to allege that he suffered any harm from these conditions. Indeed, it appears that Edmond is attempting to allege claims based on other inmates' discomforts and harms, such as colds, spider bites, and a failure to protect another inmate from harm. [1] at 20, 22, and 23.  Accordingly, these claims are dismissed due to Plaintiff's lack of standing.  See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996)(an actual injury suffered by a plaintiff is required to invoke intervention by the courts).

verdict for the nonmoving party.'" Lemoine v. New Horizons Ranch and Center, 174 F.3d 629, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." Lemoine, 174 F.3d at 633.  "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'" Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

Although the defendants have raised the defenses of sovereign immunity and qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." Wells v. Bonner, 45 F.3d 90, 93 (5th Cir. 1995)(citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).  Thus, if the Court finds that Edmond's claims are not cognizable under § 1983, it need not reach the question of whether the defendants are entitled to immunity. Id.

### III.  Discussion

Having considered Defendants' filings, Plaintiff's omnibus hearing testimony, the

Complaint, Edmond's response to Atwood and Caskey's motion for summary judgment, and

Plaintiff's various filings, the Court finds that summary judgment should be granted in favor of

all Defendants.

As a preliminary matter, the Court observes that this is not the first case to arise out of

the events about which Edmond complains.  In <u>Tommy Jackson v. Christopher Epps, et al.</u>, Civil

Action No. 4:10cv197-FKB, a case decided by the undersigned, Jackson sued Christopher Epps,

Dale Caskey and Sandra Atwood, among others, claiming that they subjected him to and he

subsequently contracted tuberculosis at EMCF when, in early 2010, he was exposed to Tyrone

Davis, an inmate who was later diagnosed with tuberculosis. Civil Action No. 4:10cv197-FKB,

[1] at 3, 8.[6] Jackson alleged that he was housed with Davis in EMCF segregation and subjected

to "close confinement" with Davis.  <u>Id.</u>, [1] at 3.  Jackson also alleged that the defendants,

including Atwood, were deliberately indifferent to his request not to be subjected to the disease,

and that prison officials should have figured out sooner that Davis had tuberculosis. <u>Id.</u>, [1] at 3,

[35] at 5.  As to Epps, Jackson claimed that Epps illegally transferred him to EMCF and had him

placed in segregation in violation of his due process rights. <u>Id.</u>, [1] at 2-3.  Jackson alleged that

all of these actions violated his due process and equal protection rights and constituted cruel and

unusual punishment. <u>Id.</u>, [1] at 4.

In <u>Jackson</u>, the Court dismissed some of Jackson's claims, including those against

Caskey, for Jackson's failure to exhaust administrative remedies.  However, the Court granted

motions for summary judgment in favor of the defendants on Jackson's remaining claims after

---

[6]As stated *supra*, Edmond alleges that he contracted tuberculosis from his exposure to
Tyrone Davis.

considering them on the merits.  The Court dismissed Jackson's claims against Epps in his official capacity, finding that he was entitled to Eleventh Amendment immunity. Id., [35] at 4. The Court granted summary judgment as to Jackson's claims against Epps in his individual capacity, finding that he had "neither exhausted available remedies nor stated a claim with respect to Epps's involvement in his transfer to EMCF."  Id., [35] at 7.

The Court also granted summary judgment in favor of Atwood and other prison officials on Jackson's claim that they should have detected Davis's tuberculosis in a more timely fashion. Considering Jackson's testimony from the omnibus hearing, the undersigned found, as follows:

> [a]gain, Jackson testified that once prison officials discovered Davis had tuberculosis, he was not returned to Jackson's pod.  Jackson further testified that once prison officials knew Davis had tuberculosis, Jackson's pod was quarantined and tested more than once.  Jackson's testimony that the defendants should have figured out what Davis had on previous sick calls does not demonstrate deliberate indifference, particularly in light of Jackson's testimony as to the defendants' actions once they knew that Davis had tuberculosis.  As the Fifth Circuit noted in Gibbs, "failure of the jail . . . to detect an active case of tuberculosis amounts to, at most, negligence, which is not actionable under § 1983."

Jackson, Civil Action No. 4:10cv197-FKB, [35] at 6 (quoting Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001)).  The Court also went on to find that all individual defendants, including Atwood, were entitled to qualified immunity. Id., [35] at 7.  On appeal, the Fifth Circuit affirmed this Court's decision.  Jackson v. Epps, 2013 WL 1811897 (5th Cir. Apr. 30, 2013). Considering this precedent, the Court turns to Edmond's claims.

A.  Defendants Epps and Sparkman

1.  Official Capacity Claims

Defendants Epps and Sparkman have moved for summary judgment on Edmond's claims against them in their official capacity.  Edmond has not responded to their motion for summary

judgment.

Epps is the Commissioner of the Mississippi Department of Corrections, and Sparkman is the former Deputy Commissioner of Institutions with the Mississippi Department of Corrections. It is well-established that a suit against a state official in his or her official capacity is a suit against the state, and the state generally cannot be sued under Section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, Epps and Sparkman are entitled to summary judgment with respect to claims against them in their official capacities.

## 2.  Individual Capacity Claims

Defendants Epps and Sparkman also assert that they are entitled to summary judgment in their favor in their individual capacities based on the doctrine of qualified immunity. Specifically, Epps and Sparkman assert that Edmond has failed to allege the violation of clearly established law. As stated previously, Edmond has not responded to the motion for summary judgment filed by Epps and Sparkman.

In his complaint, Edmond claims that Epps violated his constitutional rights when Epps's subordinates failed to provide Edmond with a safe environment by allowing overcrowding and double-celling. [1] at 29.  He also alleges that Epps violated his constitutional rights by failing to respond to his ARP.  Id. at 29-30.  Edmond alleges that Sparkman violated his constitutional rights by ordering "double-celling," which caused overcrowding and allowed him to be exposed to inmate Tyrone Davis, who had tuberculosis. Id. at 28.

Edmond's claims against Epps fail to rise to the level of a constitutional violation.  As to his claim that Epps failed to respond to his ARP, a prisoner, such as Edmond, "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction. As he

-8-

relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." Geiger v. Jowers, 404 F.3d 371, 373-374 (5th Cir. 2005)(citing Sandin v. Conner, 515 U.S. 472 (1995)).

Edmond's remaining claims against Epps fail because they are based on the theory of *respondeat superior*. Edmond has failed to allege Epps's direct involvement in the alleged deprivations on which this action is based. Jolly v. Klein, 923 F.Supp. 931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." ). Supervisory officials, moreover, "cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id. Accordingly, Edmond's claims against Epps fail to rise to the level of a constitutional violation, and Epps's motion for summary judgment on his individual capacity claims is hereby granted.

Sparkman is also entitled to summary judgment on Edmond's claims against him. Edmond asserts that Sparkman showed deliberate indifference to Edmond's health and safety when Sparkman authorized double-celling at EMCF. As an initial matter, a prisoner does not have a constitutional right to be housed in a single-cell. See Bell v. Wolfish, 441 U.S. 520, 542 (1979)(declining to find a "one man, one cell" principle in the Due Process Clause of the Fifth Amendment).

As to the deliberate indifference portion of the claim, a prison official acts with deliberate indifference and "may be held liable under the Eighth Amendment for denying human conditions of confinement only if he knows that inmates face a substantial risk of bodily harm and he disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511

U.S. 825, 847 (1994).  To "survive summary judgment, [a prisoner] must come forward with evidence from which it can be inferred that defendant-officials . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm."  Id. at 846.  Edmond has failed to put forth any evidence, other than the allegations of his complaint on this issue, and Edmond has failed to respond to Sparkman's motion for summary judgment.  In his affidavit, Sparkman states that in his position as "Deputy Commissioner of Institutions, I had no personal involvement in the housing assignments of specific inmates to specific cells at East Mississippi Correctional Facility (EMCF), as EMCF was and is operated by private prison companies." [44-2] at 1.  Sparkman also states in his affidavit that he "had no personal involvement, to [his] knowledge, with inmate Albert Edmond # 30523, other than that he is an inmate in the State penal system."  Id.  Thus, the undisputed evidence shows that Sparkman was not involved in Edmond's assignment to a particular unit at EMCF, and therefore, that Sparkman had no personal involvement in the housing assignments which resulted in Edmond's exposure to Tyrone Davis.  Edmond's burden at this juncture is not satisfied by "unsubstantiated assertions" or "conclusory allegations."  Little, 37 F.3d at 1075.  Accordingly, the Court grants summary judgment in favor of Sparkman on Edmond's individual capacity claims.

### B.  Defendants Atwood and Caskey

Defendants Sandra Atwood and Dale Caskey have also filed a motion for summary judgment [50], which Edmond opposes [51].  Edmond alleges that Atwood showed deliberate indifference to his health and safety by failing to provide a fellow inmate, Tyrone Davis, with adequate medical care to detect his tuberculosis, thus causing Edmond to be exposed to the disease.

A detailed summary of Edmond's interactions with Davis, as alleged by Edmond, will aid in the consideration of this case. Edmond admits that he was not housed in the same cell with Davis, but he asserts that beginning in the later part of January 2010 he was housed in the same unit with him. [1] at 18-19.  He asserts that on February 21, 2010, the unit was converted to double-cells. Id. at 19.  Edmond admits that he was not placed in a double-cell with Davis. Id. Edmond alleges that the area was overcrowded, and in April 2010 he had to help Davis fill out a sick call slip. Id. at 20.  Edmond relates that a doctor saw Davis, but that Davis was sent back to the unit after the doctor's visit. Id. at 21.  Edmond alleges that in his position as "camp supporter," he had to "cater" to Davis on a daily basis. Id.  According to the complaint, about a week later, "Davis had to be rushed to the hospital where he was diagnosed and treated for tuberculosis." Id.  Edmond's complaint is silent as to Davis's location after his diagnosis. Within a few days, a few other inmates in protective custody tested positive for tuberculosis and were transferred. Id. at 21-22.  Edmond alleges that a few days later, all of the protective custody inmates were tested for tuberculosis and quarantined for six weeks. Id. at 22.

Edmond alleges that he submitted an ARP on or about June 25, 2010, against Atwood on the ground of showing deliberate indifference to his health and safety by exposing him to tuberculosis through Tyrone Davis and another inmate who was diagnosed with the disease, Dexter Swanagan. Id. at 23.  Edmond is aggrieved that Atwood responded to his initial ARP and subsequent appeals, rather than Caskey. Id. at 23-24.  He alleges that his ARP and its appeals put Caskey on notice of his conditions of confinement, including double-celling. Id.

In response to an Order from the Court, Edmond stated that he was tested for tuberculosis in April and June 2010, and the results were negative. [5] at 1.  He alleges that on January 13,

2011, he tested positive for tuberculosis. Id. at 1-2.  He alleges that he caught the virus from

inmate Tyrone David [sic].  Id. at 2.[7]  At Edmond's omnibus hearing, he testified that when he

tested positive for tuberculosis at EMCF, prison officials transferred him to Central Mississippi

Correctional Facility ("CMCF"), where he was given medication for nine months. [49-1] at 7.

Considering his voluminous complaint and his omnibus hearing testimony, it appears that

Edmond is alleging the following claims against Atwood and Caskey:

1.  Edmond alleges Atwood showed deliberate indifference to his health and safety by

failing to provide fellow inmate, Tyrone Davis, with adequate medical care to detect his

tuberculosis, thus causing Edmond to be exposed to the disease.

2.  Edmond is aggrieved that Atwood, rather than Caskey, responded to his ARPs

regarding his exposure to tuberculosis.

3.  Edmond alleges that Defendant Atwood violated his constitutional rights when she

denied his ARP asking for a reprimand of officials at EMCF.

4.  Plaintiff alleges that Defendant Caskey showed deliberate indifference to his health

and safety when he failed to correct Atwood's unconstitutional actions and failed to correct

overcrowded conditions.

As discussed *supra*, Edmond's claims against Atwood and Caskey for deliberate

indifference to his health and safety with regard to his exposure to Tyrone Davis and detection of

Davis's tuberculosis have already been addressed by this Court in Jackson v. Epps, Civil Action

---

[7]In the same response [5], Edmond alleges that he was assaulted by a cellmate while housed at EMCF in overcrowded conditions.  Edmond offers no proof of exhaustion on this claim; he failed to discuss this at the omnibus hearing; and this allegation was not contained in Edmond's initial complaint.  Accordingly, the Court does not consider it as an amendment to the complaint.

No. 4:10cv197-FKB, and upheld on appeal to the United States Court of Appeals for the Fifth Circuit.  In essence, as set forth in claims 1 and 4 above, Edmond has alleged the same claim as Jackson: that Atwood and Caskey should have figured out sooner that Davis had tuberculosis, and their failure to detect tuberculosis amounted to deliberate indifference to Edmond's health and safety.  Considering the conditions and events leading up to Davis's diagnosis as alleged by Edmond, which are the same conditions and events as alleged in Jackson, the Court finds that the Defendants' failure to figure out "what Davis had on previous sick calls does not demonstrate deliberate indifference, particularly in light of Jackson's [and Edmond's] testimony as to the defendants' actions once they knew that Davis had tuberculosis." Jackson, [35] at 6.  As stated in Gibbs, and relied upon by the Court in Jackson, "failure of the jail . . . to detect an active case of tuberculosis amounts to, at most, negligence, which is not actionable under § 1983." Gibbs, 254 F.3d at 550.

Moreover, Edmond's claims against Caskey fail because they are based upon the theory of *respondeat superior* in that Edmond fails to allege direct involvement by Caskey.  Jolly v. Klein, 923 F.Supp. 931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." ).  Supervisory officials, moreover, "cannot be held liable for the actions of subordinates under any theory of vicarious liability." Id.

To the extent that Edmond challenges his custodial classification and contends that he should have been held in a particular facility, location, or manner to avoid exposure to tuberculosis, this claim fails to rise to the level of a constitutional violation.  "Under Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992), a prison inmate does not have a protectable liberty or

property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).  Because the plaintiff relies on a "legally nonexistent interest, any alleged due process or other constitutional violation arising from his classification is indisputably meritless." <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999) (a Mississippi case).  Accordingly, the Court grants summary judgment in favor of Atwood and Caskey on Edmond's deliberate indifference claims.

Edmond's claims against Atwood and Caskey based upon how Atwood responded to his ARP, claims 2 and 3 above, also fail to rise to the level of a constitutional violation.  Essentially, Edmond is aggrieved that Atwood did not resolve the ARP to his satisfaction, and he is aggrieved that Caskey did not personally respond to his ARP.  A prisoner, such as Edmond, "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." <u>Geiger v. Jowers</u>, 404 F.3d 371, 373-374 (5th Cir. 2005)(citing <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)). Therefore, the Court grants summary judgment in favor of Atwood and Caskey on these claims.

IV.  Conclusion

Accordingly, for the reasons discussed above, the Court finds Defendants are entitled to summary judgment as to all of Edmonds's claims.  Edmonds claims are hereby dismissed with prejudice.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 17th day of March, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE